UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 4/25/25
TIME: _____
INITIALS: BTG

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 25-1-008 |
| TURELL TATE, | ) |
| Defendant. | ) |

# PLEA AGREEMENT

Comes now the parties herein, the Defendant, Turell Tate, being represented by Attorney Alexander Wharton, and the United States, being represented by Assistant United States Attorney Bryce H. Phillips for the Western District of Tennessee and hereby agree as follows:

1. The Defendant is pleading guilty to Counts 1 and 2 of the Information because he is in fact guilty of the offenses alleged.

2. Count 1 of the Information charges possession with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a schedule II-controlled substance on or about October 5, 2020, in violation of 21 U.S.C. § 841(a)(1).

3. The penalty for Count 1 is not more than 20 years imprisonment, a fine of not more than $1,000,000, or both, a period of supervised release of not less than 3 years, and a special assessment of $100. But if the Defendant has a prior conviction for a serious drug felony or serious violent felony, then not more than 30 years imprisonment, not more than a $1,000,000 fine, or both, not less than a 6-year period of supervised release and a special assessment of $100.

Count 2 of the Information charges the Defendant with, Beginning at a time unknown to

1

the Grand Jury, but from at least on or about March 2020 and continuing through on or about July 2022, in the Western District of Tennessee and elsewhere, the defendant, did knowingly combine, conspire, and agree with each other and with other persons known and unknown, to commit offenses against the United Sates in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is drug trafficking, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) all in violation of Title 18 United States Code, Section 1956(h).

4.   The penalty for Count 2 is not more than 20 years imprisonment, a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or both imprisonment and fine, a period of supervised release of not more than 3 years, and a special assessment of $100.

5.   The Defendant has entered into this agreement freely, knowingly, and voluntarily, and upon the advice of counsel.

6.   The Defendant will pay the $200.00 special assessment at the time of sentencing.

7.   There is no agreement as to the Defendant's criminal history.

8.   Any statement made in the course of the plea colloquy may be used against him in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410.

## CONCESSIONS BY THE GOVERNMENT

11.   The parties agree that the Government will recommend that the Defendant receive a full reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, providing the Defendant commits no new criminal offenses and continues to demonstrate an

2

affirmative acceptance of responsibility, including acknowledging guilt in open court to the facts as set out in the Information. However, the Defendant understands that whether acceptance of responsibility is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility is not a basis for the Defendant to withdraw his guilty plea or to appeal his sentence.

12. The parties agree that the Government will recommend a sentence at the low end of the guidelines, utilizing the final guidelines established by the Court at the time of sentencing. However, the Defendant understands that the Court is not bound to accept this recommendation. Failure of the Court to sentence the Defendant at or below the low end of the Defendant's guidelines shall not be a basis for the Defendant to withdraw his guilty plea or to appeal his sentence, unless the sentence is above the maximum statutory penalties established for the respective offenses.

### BREACH OF PLEA AGREEMENT BY THE DEFENDANT

13. Should it be judged by the Government that the Defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting, obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1 or has failed to make any court appearances in this case, from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, or if the Defendant attempts to withdraw his plea, the Government will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the Defendant would not release the Defendant from his plea of guilty.

### WAIVER OF APPEAL AND 2255 ACTIONS

14. The Defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings

made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal any sentence imposed or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

15. The Defendant understands that 28 U.S.C. § 2255 provides an additional method to challenge the sentence imposed by the Court. The Defendant knowingly and voluntarily waives this right. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

16. By signing this agreement, the Defendant affirms that he is satisfied with his lawyer's counsel and representation, and hereby freely and voluntarily enters into this plea agreement. The Defendant understands that this writing constitutes the entire plea agreement between the parties with respect to the plea of guilty. No other additional promises, representations, or inducements, other than those referenced in this plea agreement, have been made to the Defendant or to the Defendant's attorney with regard to this plea, and none will be made or entered into unless in writing and signed by all parties.

Respectfully submitted,

Joseph C. Murphy
Interim United States Attorney
Western District of Tennessee

_____
Bryce H. Phillips
Assistant United States Attorney

4-25-25
_____
Date

_____
Alexander Wharton
Attorney for the Defendant

4/25/2025
_____
Date

_____
Turell Tate
Defendant

4.25.2025
_____
Date

5